**DRAFTS, Administrator v. DRAFTS, et al.**

**No. 16172.**

Circuit Court, Marion County.

January 18, 1958.

James M. Smith, Jr., Ocala, for plaintiff.

Savage & Mills, Ocala, for defendants.

CARROLL W. FUSSELL, Circuit Judge.

This case was argued before the court solely on a question of law, as there appears to be no dispute as to the facts. The sole question to be decided is who shall take under the will, which is simple in form, and, so far as the question involved here is concerned, contains two paragraphs giving specific legacies to named nephews, and then a paragraph giving the residue to the brothers and sisters of the testatrix, without naming them or making any further comment. The agreed facts show that

the testatrix had seven brothers and sisters, three of whom were dead at the time the will was executed, leaving lineal descendants, and two of whom died after the execution of the will and prior to the death of the testatrix, also leaving lineal descendants, and that only one brother and one sister were living at the time of the death of the testatrix, and that the sister has since died leaving lineal descendants.

A careful perusal of the will has failed to indicate to this court what the intention of the testatrix might have been, either with regard to inheritance of lineal descendants of brothers and sisters who were dead at the time of the execution of the will, or of lineal descendants of brothers and sisters who died after the execution of the will and prior to the death of the testatrix, or as to brothers and sisters only who survived the testatrix. This court is therefore called upon to decide what should be the applicable rule of construction under this situation and who would be the devisees who would take the residuary estate under the will.

Since the argument on this case a revised annotation of this matter has been published in 56 A.L.R. 2d 948, which is described as superseding the previous annotation in 3 A.L.R. 1673. There do not appear to be any Florida cases on this subject directly in point, and, therefore, the decision must be a new one so far as the state of Florida is concerned and influenced by the decisions in other jurisdictions.

This annotation indicates those jurisdictions which have applied and those which have refused to apply the Anti-Lapse Statute to class gifts to persons alive at the time of the execution of the will and who predeceased the testatrix, and also in the situation where the devisees or legatees were deceased at the time of the execution of the will.

Some 19 jurisdictions are quoted as applying the Anti-Lapse Statute to class gifts where the devisees died after the execution of the will and before the death of the testator, and 12 jurisdictions are listed as refusing to apply the Anti-Lapse Statute in this situation. However, four states are quoted on both sides of this question.

With regard to the death prior to the execution of the will, 11 states are quoted as applying the Anti-Lapse Statute to a class gift, and 18 are opposed, either for the reason that the courts hold that the Anti-Lapse Statute is not applicable to class

gifts, or else because they follow the common law that a gift to a decedent is void.

It is also interesting to note that five states have passed statutes particularly applying the anti-lapse feature to class gifts, and that two of these states are among the ones which uphold the application of this statute to class gifts and two are among the ones which refused to do so.

This annotation also indicates that a few states apply the Anti-Lapse Statute to situations where a devisee dies after the testator but before the date of vesting or distribution of the gift, although the preponderant majority of the states do not apply this statute in this latter situation. This last question, of course, is not involved in the present case.

Since the Florida Anti-Lapse Statute, section 731.20, Florida Statutes 1957, covers the situation where the devisee dies before the testator, both as to those devisees dying prior to the execution of the will and those dying after the execution of the will, then either all of the nieces and nephews of deceased brothers and sisters who predeceased the testator and died either before or after the execution of the will, should be held to take under the will per stirpes along with the living brothers and sisters—or else none of these nieces and nephews should take under the will.

Because there are a substantial number of decisions on both sides of this question and because at least five states have seen fit to pass legislation clarifying the law in this regard, the proper approach to a decision in Florida should be based upon the strength of the reasons for the decisions in these respective jurisdictions.

It is the opinion of this court that the stronger and more potent reasons line on the side of those jurisdictions holding that the Anti-Lapse Statute does not apply to class gifts.

There are two separate and distinct constructions under the common law which are applicable, and, of course, Florida follows the common law. If the common law is to be changed in this regard it should be done by legislation as has been done in the five states mentioned, rather than by judicial construction and if the statute does not clearly show an intention to change the common law in each instance, it should be changed only where the intention is clear and the change should not be made by judicial construction.

Under the common law a testamentary gift to a person dead at the time of the execution of the will was regarded as void. The Florida statute clearly changes this construction and provides that this gift goes to the lineal descendants of the designated deceased person.

There is another and entirely different construction of the common law which construes a gift to a class as meaning all persons of the class in existence at the time the gift takes effect. There is nothing in the Florida statute, nor anything in the decisions of those jurisdictions which apply the Anti-Lapse Statute to a class gift, which clearly indicates the intention of the legislature in this statute to change this common law rule of construction as to class gifts.

Two reasons are given by the courts which apply the Anti-Lapse Statute to class gifts, one being that the broad purpose of the statute is to prevent the failure of testamentary gifts, and the answer to this is that there is no failure if any members of the class are in existence at the time of the death of the testator; the second reason being that it will insure that the property be taken by those the testator would most likely have wished to be substituted for the person designated in the will.

The intention of the testatrix cannot be determined in the instant will and is as likely to have been one way as the other. Unquestionably, the testatrix knew there were nephews, for particular bequests were made to two of them, and if the testatrix knew (and she is presumed to know) the common law she would know that only the brothers and sisters living at the time of her death would take under the will; and if the testatrix knew (and she is presumed to know) of the Florida Anti-Lapse Statute, there does not appear to be anything in the statute which would definitely exhibit to her that the rules of the common law as to class gifts were thereby changed.

For the reasons outlined and also because this court is a firm believer that laws should be made or changed by legislation rather than by judicial construction, the court finds in the instant case that the devisees are the brother and sister who were living at the time of the death of the testatrix, and that nephews and nieces or other heirs of brothers and sisters of the testatrix, who predeceased the testatrix, and whether they died before or after the execution of the will, would not be included as devisees under the residuary clause of the will.